Slockbower *v.* Kanouse.

Maria Slockbower et al., appellants,

*v.*

Alexander Kanouse, respondent.*

Upon a bill for partition, if the legal title to the lands is put at issue, the court of chancery will not proceed to settle such title, but will either dismiss the bill or retain it to allow the title to be settled in an action at law.

On appeal from a decree advised by Vice-Chancellor Van Fleet.

*Mr. Alfred Mills,* for the appellants.

*Mr. James H. Neighbour,* for the respondent.

The opinion of the court was delivered by

Magie, J.

This appeal was from a decree for partition of lands, made upon the opinion reported in *1 Dick. Ch. Rep. 42.*

Upon the argument counsel were directed to confine themselves to the question whether the decree, which settled the legal title of appellant, which had been denied by the answer of respondent, could be sustained.

The established rule undoubtedly is, that upon a bill for partition of lands, if the legal title of the parties is brought into dispute, a court of equity will not proceed to settle the disputed title but will either dismiss the bill or retain it to allow the legal title to be settled in an action at law; but if, on such a bill, the title of any party is disputed on equitable grounds, the legal title not being contested, a court of equity will pass upon and settle such dispute in that suit. *Pom. Eq. Jur. § 1388; Bisp. Pr. Eq. § 489.*

* Note.—The decision of this case was reported in *4 Dick. Ch. Rep. 592.* The foregoing opinion was filed since that volume was printed.—Rep.

This rule has been constantly recognized and acted upon by our court of chancery. *Manners* v. *Manners, 1 Gr. Ch. 384; Obert* v. *Obert, 2 Stock. 98; Lucas* v. *King, 2 Stock. 277; Palmer* v. *Casperson, 2 C. E. Gr. 204; De Witt* v. *Ackerman, 2 C. E. Gr. 215; Hay* v. *Estell, 3 C. E. Gr. 251; Riverside Cemetery* v. *Turner, 9 C. E. Gr. 18; Hoyt* v. *Tuers, 8 Stew. Eq. 360.*

The case of *Forsyth* v. *Forsyth, 1 Dick. Ch. Rep. 400,* the decree in which was affirmed by this court (*S. C., 2 Dick. Ch. Rep. 327*), is not to be considered as indicating the abandonment or relaxation of the rule forbidding a court of equity to settle, in a suit for partition, a legal title. If the dispute in that case concerned a mere legal title, the rule was not urged by counsel or suggested by the court, and the point was passed *sub silentio.*

This court has frequently recognized the rule (*Obert* v. *Obert, 1 Beas. 424; Polhemus* v. *Empson, 2 Stew. Eq. 583; Read* v. *Huff, 13 Stew. Eq. 229*), and in a later case made it a basis of decision. *Vreeland* v. *Vreeland, 4 Dick. Ch. Rep. 322.*

As the decree below violates this rule, it must be reversed and the cause remitted to the court of chancery, to be proceeded on in conformity with these views.